BREAUX, C. J.
Plaintiff asks for a judgment against defendant in the sum of $116.41 •secured by lien and privilege on lots 14 and 16 in block 60 in the town of Rayne, for the •construction of a sidewalk in front of his ■said property.
The 'facts are not disputed. The issues are •of law.
The town of Rayne has a population of less than 2,500 inhabitants. It derives its •corporate powers from Act No. 136, p. 224, of 1898, under which it claims to have authority to require property owners to construct and maintain their sidewalks, and, in •default of their obeying the ordinance to that effect, it claims to have the right to ■construct and maintain the sidewalks at the expense of the property owners. The town claims to have all the rights needful to impose a special tax or local assessment, and from that point of view it avers that all of its acts in matter of the sidewalk for which it claims payment are legal and binding, and that the defendant should be held bound for the payment of the claim it presents.
The defendant denies that he is indebted for this amount, and avers that plaintiff has no authority or power to levy or collect a special tax or local assessment or contribution against his property to defray the cost of construction. Defendant pleads that the ordinance of the town is ultra vires; that, in view of the provision of Act No. 131, p. 295, of 1904, relating to the government of municipal corporations, the ordinance is illegal because not legally passed, and that the assessment also was illegal.
It appears that the municipality, before letting out the contract, had plans, specifications, and grades made by a civil engineer. The contract was let out to the last best bidder. It was accepted by the corporation.
The town is in a level country. The cost of the construction of sidewalks is about the same along the streets throughout the town on which concrete sidewalks are to be built.
The sidewalk constructed along the property of defendant was built in accordance with the plans and specifications before mentioned made by a civil engineer. It is admitted that no special ordinance or resolution was passed by the town council1 levying a special assessment against this property, and that no action was takeri by said council toward levying special assessments, except the one action of accepting the bids of the contractors for the construction of the work and the institution of the suit. That the bid of the contractor is so much per running foot.
It is further admitted that the lots of defendant have a frontage of the number of feet alleged in plaintiff’s petition.
We have read plaintiff’s petition, and have *655 not found the number of feet stated in that petition.
The cities, towns and villages, by virtue of Act No. 136, p. 224, of 1898, had the power to cause sidewalks to be constructed and maintained, and to collect taxes by special assessment for payment of that work. The method for carrying into execution the power conferred by paragraph 19 of section 15 of Act No. 136, p. 230, of 1898, was contained in section 34 of the act. That section was repealed.
The express words of the repealing act confine it to cities; nothing is said of the smaller towns. The repealing act does away with the old section. Its provisions cannot be considered as a substitute for the old, as it relates exclusively and expressly to cities, and not to towns and villages.
The authority provided in paragraph 19 of section 15 still remains, as it is unrepealed. The asserted repealing act does not refer to this paragraph at all. It could not have been the intention in an indirect way to repeal the entire Act No. 136 of 1898. The repeal having been limited to cities, it will not be inferred that towns were similarly affected.
There is no conflict between the repealing act and the old act. The last refers to cities, and the first to towns and villages. They both can stand, and are reconcilable one with the other. There is not an identity of objects.
In cities the more important work of paving streets is regulated according to one method. In the smaller municipalities, where the work is less important, it is regulated by another.
This brings us to the next proposition.
Before taking up this proposition, we will quote paragraph 19, before mentioned, in full, to wit:
“To cause to be constructed and maintained side-walks, determine material, plans and specifications and grades of the same, and levy and collect taxes by special assessment for payment of same.”
Evidently, it must have been in contemplation that the work should be performed by the town, and that there should be some formalities observed in the nature of a special assessment.
The ordinance adopted in accordance with the provisions of the foregoing paragraph does not measure up to the requirements. It ordains that it is the duty of each and every property holder of the town of Rayne te construct, opposite and along his property, plank sidewalks, consisting of planks four feet long and not less than one inch thick, on all the streets of the town, except other streets than those included in the foregoing described ordinance, on' which the walks are to be constructed of concrete.
The mayor is to give the proper notice-ordering the property owner to put down the sidewalks, and, if he, the property owner, fails to act, the town, through its proper officers, shall have the sidewalks constructed, and the cost assessed against the property and collected by suit against the owner.
The special assessment feature cannot be passed over. It is a condition precedent to the right to order the improvement. It must be observed.
The improvement must be sanctioned by statute. In this instance, there is a delegated power. It is not as plain and far reaching as it should be to answer a purpose.
In the case of New Iberia v. Fontelieu, 108 La. Ann. 460, 32 South. 369, it was held that an expressed statutory power was necessary.
“The estimate of an engineer, of assessors, of a committee or other lawful officers is the assessment intended.” This is excerpted from Elliott on Streets and Roads, p. 623, § 596.
Even this has not been done in the pending case. It somewhere appears in the record' that the contractor’s bid for the construction was accepted by the municipal authorities. *657 That is all. That was not a local assessment, and has nothing about it which commends it as an act which can possibly stand as a local or special assessment. His bid binds nobody except himself and the corporation after it has been accepted. We deem it sufficient to hold that the ordinance of the town is illegal, and therefore the suit must fall to the ground.
We leave this particular branch, and state that, in the next place, plaintiff wishes to have a lien and privilege upon the property for the amount of its claim. Such liens and privileges are statutory. The Legislature may declare that a lien may fasten on the property for local improvement thereon. Without that declaration there is no lien. No statute has been called to our attention under which such a lien can be claimed.
We will state, in conclusion, that the property owners generally are interested in sidewalks. Any plan of construction for these walks should not be limited to one or a few, but should be directed to a large number under a well-settled plan for special assessment and the collection of taxes to pay the costs, when the plan is by local or special assessment.
For reasons assigned, the judgment appealed from is affirmed, at appellant’s cost.